John J. Walsh, J.
This is an appeal from a judgment of conviction of the defendant upon a plea of guilty to speeding.
There is a question raised on the appeal which cannot be resolved upon the papers. The return states that defendant pleaded guilty on June 1,1958; that on June 2,1958, defendant’s counsel telephoned and requested a withdrawal of the plea. The Justice then states that he told Mr. Jeffrey that he would take the request under advisement and on June 3 he telephoned *657 defendant’s counsel to the effect that he had decided to deny the request. On the same day, defendant appeared before the Justice and was fined.
The defendant’s affidavit of error states that Judge Cmaylo granted the motion over the telephone on June 2 and that bail with thereupon sent by mail to the Justice.
In view of the misunderstanding this court adopts the reasoning of the King’s County Court in People v. Herzka (119 N. Y. S. 2d 176, 183) that: “ Where such application is made prior to sentence, this Court is of the opinion that even though there has been no misunderstanding as to the circumstances under which the plea was taken, that a defendant should be permitted to withdraw his plea of guilt [y] and be placed on trial provided the rights of the People will not be prejudiced by such action. Under such circumstances, the exercise of the Court’s discretion in permitting the withdrawal and allowing the defendant to go to trial, would lead to a better administration of our criminal law.”
The judgment of conviction is reversed and the matter remitted to the lower court for disposition.
Order may be prepared accordingly.